Reese, J.
delivered the opinion of the court.
The complainant is the husband and administrator of Jane H. Williams, formerly Jane H. Turner, one of the legatees under the will of Baily Turner deceased, and the question which constitutes the subject of dispute in this cause is, whether the husband is entitled to her legacy, or whether the defendants. are so entitled, under a limitation in the will. The clause of the will upon which the question arises is the following: “It is my wish and desire, that should any of my children die without any increase, that my executors shall take back the property that I have devised to them, and divide it among the rest of my children. Do the terms of this clause constitute a good executory devise of the share of Jane H. Williams, to the surviving children of the testator, she having died without issue, or, in the language of the will, “increase” living at the time of her death!1
The words “die without issue,” by a long train of decisions, of themselves import an indifinite failure of issue, whether used in reference to personal or real estate, and the question therefore is, whether the accompanying words shall in this case limit and restrict the meaning of those terms to a dying without issue living at the death of the devisor. It is well settled, that in a case of personal property, as is the case before the court, the fixed and technical meaning of the words “dying without issue,” will be permitted more readily to give way to the force of restrictive words than in the c.ase of real estate.
But the circumstances in this case, showing it to be the intention of the testator to limit the. dying without issue to the time of the death of the devisee, are of such strength as to constitute a good executory devise, as well oflands, as of chattels. His executor was to take back the property and was to divide it among the rest of his children, showing that the failure of issue was expected to take place during the life of the executor* who was to act in the matter; to wit, take back and divide the property, and the division was to be made among the rest of the testator’s children. These terms clearly restrict the operation of the general words, “dying without is *290 sue,” to the time of the death of the devisee, and the’executo-■ry devise must therefore according to the rules of law, have effect. It is needless to refer to, or comment upon authorities so abundantly existing upon this subject, for it is believed no case of personal property can be found in England or the United States, where restrictive words of equal efficacy have been used, and the courts have failed to declare them as constituting a good executory devise.
The decree of the chancellor will be reversed and the bill must be dismissed, but let neither party recover costs.
Decree reversed.